UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEVERLY MYERS | : | CIVIL ACTION NO:<br>3:03CV652 (PCD) |
| V. | : | |
| CITY OF HARTFORD, ET AL | : | SEPTEMBER 29, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION:**

For many years, Plaintiff Beverly Myers was employed as a teacher by the City of Hartford. Ms. Myers was a black female over age 40 at the time of her termination. Also at that time she was a tenured teacher in the Hartford Public School system.

In September, 2001, the City of Hartford and the State Board of Trustees informed Ms. Myers in writing of their intent to terminate her pursuant to the provisions of Connecticut General Statute ("C.G.S.") §10-151, which provides in relevant part for a trial of the termination request before either a single arbitrator selected by the Board of Education, or by a three member panel, with one arbitrator selected by the teacher, one selected by the Board of Education, and a third person selected neutrally.

Ms. Myers elected a three member panel. Plaintiff Myers arranged to pay the anticipated fees of the neutral panel member and established a fee schedule. As later stated by the neutral panel member, Ms. Myers kept to that payment plan "religiously" and that he had no problem with her performance of the arrangement.

Several days of hearings took place. During such hearings, Hartford School System presented evidence that was incomplete, inaccurate and in some cases may have been perjured. The

School was compelled by the Panel to drop one of its charges during the cross-examination of its first witness. By the time of the last haring, the School had presented many witnesses and had failed to provide any evidence against Ms. Myers which would justify her termination.

Shortly before the hearing on September 13, 2002, the neutral panel member wrote to counsel for the parties about payment arrangements for hearings not yet held and indicated that he wanted to be paid in advance on the basis of the estimated number of future hearing days. Ms. Myers had every reason to believe that continued payment of instalments would be acceptable as that arrangement had already been made.

At the commencement of the hearing on September 13, the neutral panel member took counsel for Ms. Myers aside and demanded payment in full at that time from Ms. Myers for hearings which had not yet occurred and did so in the presence of counsel for the School. Said demand constituted a breach of contract and a breach of ethics. As the discussion continued, the neutral panel member allowed Mr. Stacey to attend this discussion, but not Ms. Myers.

Attorney Ann Bird, in violation of C.G.S. §31-128f, disclosed to the neutral panel member the nature, amount, and manner of payment of Ms. Myers most recent paycheck and the same information about the next expected paycheck. In so doing, Attorney Bird further contributed to the breach of ethics which had occurred and prejudiced Ms. Myers position with the neutral arbitrator.

As a result of these events, and considering the conflict interest arising from the breach of contract and breach of ethics, the panel members met and decided that they could no longer judge the case before them. The panel met on the record with the parties and resigned.

Thereafter, Ms. Myers called upon the Defendants to restore her to her position or continue the process. . Instead of continuing the hearing process with a new panel which would have the benefit of the transcripts of testimony from the previous hearing days, the Defendants Amato, Bird

and Stacey placed a motion before the State Board of Education, falsely claiming that Ms. Myers had waived her right to a hearing under C.G.S. §10-151.

The State Board of Trustees met in November, 2002, and Item 31 of the Agenda was the termination of Ms. Myers for waiver of right to hearing. Counsel for Ms. Myers and the panel member appointed by Ms. Myers addressed the Board to inform them that the representation of a waiver made to them was false and deceptive. No presentation of evidence was permitted. The Board voted to pass over Item 31. The hearing adjourned without further action of the Board on Item 31 of its Agenda.

Later in November, 2002, Ms. Myers received a letter informing her that the Board had terminated her. Upon further inquiry, Ms. Myers gained information upon which she has formed a belief that following the termination of the Public Hearing of earlier that month, the Board illegally met in secret and voted to terminate Ms. Myers without a public record or debate before the public.

## II.   ARGUMENT:

Despite Defendant's argument to the contrary, the Plaintiff believes there is a private right of action under C.G.S.§10-151b(b) to enforce the due process as outlined under the statute. The case that Defendant refers to, <u>Sekor v. Board of Education</u>, 240 Conn. 119 (1997), supports the Plaintiff's position. It states:

> Judicial review of the school board's administrative decision follows established principles of administrative law. 'The court's ultimate duty is only to decide whether, in light of the evidence, the[board] has acted unreasonably, arbitrarily, illegally or in abuse of its discretion.' *Id.* at 126.

Since the Plaintiff is suing to compel the School Board to follow the proper procedures, the Plaintiff has a private right of action under C.G.S.§10-151b(b)

### III. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests the Court to deny the Defendant's Motion to Dismiss.

THE PLAINTIFF

By _____
Christine E. Corriveau
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106
860-560-2590 ct09566 21212
                              CEC

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this 27th day of September, 2003:     Remailed 10/9/03

Joseph McQuade, Esq.
Diana Garfield, Esq.
Kainen Escalera & McHale, PC
21 Oak Street
Hartford, CT 06106

_____
Christine E. Corriveau