FILED

Oct 17  3 30 PM '03

DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEVERLY MYERS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV652 (PCD) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, ET AL | : | |
| | : | |
| Defendants. | : | SEPTEMBER 9, 2003 |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiff, formerly a tenured teacher employed by the Hartford Public Schools, has filed an amended (9) count complaint against nine (9) defendants.[1] The gravamen of plaintiff's complaint is that she was dismissed without adequate due process.

The complaint consists of four counts alleging violation of 42 U.S.C. §1983, four counts alleging a conspiracy violation of 42 U.S.C. §1985(3), and one claim under state law (violation of Teacher Tenure Act).

Defendants move:

    1.    to dismiss the City of Hartford as a defendant;

---

[1] The defendants include the City of Hartford, the State Board of Trustees which had been governing the schools, several then-members of the State Board of Trustees, the then Superintendent of Schools, the then Executive Director of Human Resources for the Hartford Public Schools, and an Associate Corporation Counsel for the City of Hartford.

    2.      to dismiss Robert Stacy as a defendant; and

    3.      to dismiss of Count 9 because this count does not state a viable claim under state law.

## II. ARGUMENT

### A. The City of Hartford Is Not A Proper Party To This Action

Plaintiff's complaint does not ascribe any unlawful conduct to the City of Hartford, which is a separate entity from the State Board of Trustees. Nor is there any evidence that the City of Hartford participated in any way in the termination of plaintiff's employment.

This Court has already ruled upon this issue in Clara Lee v. City of Hartford et al., Civil No. 3:02CV819(PCD), Ruling on Defendant's Motion to Dismiss (3/31/03). (Exhibit 1) In that case the Court noted:

> Recent events foreclose the possibility that the City is a proper party to this action. On April 18, 1997, in response to systematic problems in the public school system, the State of Connecticut dissolved the Hartford Board of Education and transferred all authority to the State Board of Trustees. 1997 Conn. Special Act 3 §§1, 2 (enacted Apr. 18, 1997). As such '[t]he State Board of Trustees . . . [became] solely responsible for the management of the Hartford school district.' Id. §2.
>
>                       ***
>
> As such, in the time period involved in the present complaint, the City has been stripped of any control over the administration of the school system . . . . Absent any ability to influence events within

>the school system, either positively or negatively, the City cannot
>be held liable for the acts or omissions complained of by plaintiff.

Id. The circumstances in the present case are precisely the same as Lee, and the City of Hartford should be dismissed as a party to the present action.

### B. Defendant Robert Stacy Has Not Been Properly Served

Defendant Robert Stacy moves to dismiss any remaining claims against him for insufficiency of service of process. In this case, the plaintiff did not choose to avail herself of Federal Rule of Civil Procedure 4(d)'s waiver of service provisions. Rather, plaintiff had the complaint served by a Connecticut Judicial Marshal, who left a copy with Milly Ramos, a Labor Relations Specialist at the Hartford Public Schools Labor Relations Department. In such a case, service is governed by Federal Rule of Civil Procedure 4(e), which allows service to be effected in a judicial district of the United States by two means:

   a.   pursuant to the law of the state in which the district court is located . . . ; or

   b.   by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Under Connecticut law, service of individuals is governed by Connecticut General Statutes §52-57(a) which states, in part, that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant,

3

or at his usual place of abode, in the state." The "usual place of abode" is "generally recognized as the place where [the individual defendant] is living at the time of service." Plonski v. Halloran, 36 Conn. Supp. 335, 336 (1980). Leaving legal process at an individual defendant's place of employment is not sufficient to establish abode service. Grayson v. Wofsey, Rosen, Kweskin & Kuriansky, 40 Conn. Supp. 1, 2 (1984) (citing, East Lyme v. Huntington, 22 Conn. Supp. 288 (1961)). Thus, leaving the complaint at the office of the Hartford Public Schools is insufficient service of process.

Likewise, the provisions of Federal Rule of Civil Procedure 4(e)(2) have not been satisfied. As under Connecticut law, Rule 4(e)(2) allows service to be accomplished by service of process at "the individual's dwelling house or usual place of abode" or by delivering process to an agent authorized by appointment or by law to receive service of process. Ms. Ramos is not an agent authorized to receive service for Mr. Stacy, especially since, at the time of service, Mr. Stacy no longer worked for the Hartford Public Schools. (Exhibit 1). Defendant Stacy has not been properly served with this action. Therefore, any counts against Robert Stacy should be dismissed.

    **C.**     **Count Nine Does Not State A Claim Because There is No Private Right of Action Under C.G.S. §10-151b(b)**

In Count Nine, plaintiff attempts to assert a claim directly under C.G.S.§10-151b for violation of her rights. Section (e) of that statute provides that "any teacher aggrieved by the

4

decision of a board of education after a hearing" may appeal therefrom to the Superior Court. While plaintiff may challenge her termination on constitutional grounds and does so in Counts Five and Seven, it is clear that challenges based directly on C.G.S. Section 10-151b must follow the format prescribed by statute. Doing so would allow plaintiff judicial review of the school board's administrative decision in state Superior Court. Sekor v. Board of Education of Ridgefield, 240 Conn. 119 (1996). Count Nine should be dismissed.

### III. CONCLUSION

For the reasons stated above, Count Nine should be dismissed because it does not state a viable claim and the City of Hartford and Robert Stacy should be dismissed as parties to this case.

DEFENDANTS<br>
CITY OF HARTFORD, ET AL<br>
<br>
By _____<br>
Joseph W. McQuade, ct 12121<br>
Diana Garfield, ct05551<br>
Kainen, Escalera & McHale, P.C.<br>
21 Oak Street<br>
Hartford, CT 06106<br>
Telephone (860) 493-0870<br>
Facsimile (860) 493-0871<br>
jmcquade@kemlaw.com<br>
dgarfield@kemlaw.com<br>
Their Attorneys

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss was sent via first class U.S. mail on this the 9th day of September, 2003 to:

Christine E. Corriveau, Esq.
Francis A. Miniter, Esq.
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT  06106

_____
Diana Garfield

11079

# AFFIDAVIT OF MILLY RAMOS

I, Milly Ramos, being duly sworn, do state:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am a Labor Relations Specialist in the Human Relations Department of the Hartford Board of Education.

3. It is not unusual for me to receive papers brought into the office, even those brought by a marshal.

4. I have no authority to accept service of a lawsuit against Robert Stacy, a former employee of the Hartford Public Schools.

5. Mr. Stacy left the employment of the Hartford Public Schools on April 14, 2003, more than one month <u>before</u> the marshal left a copy at the office.

I have read the foregoing statement and it is true to the best of my knowledge and belief.

_____
Milly Ramos

Subscribed and sworn to before
me this 18th day of August, 2003.

_____
Notary Public
My Commission Expires 2/28/04