UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
NOV 19  11 21 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Beverly MYERS,
    Plaintiff,

v.          : Civil No. 3:03cv652 (PCD)

CITY OF HARTFORD, et al,
    Defendants.

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b), Defendants move to dismiss Count Nine,[1] and move to dismiss Defendants Stacy and the City of Hartford. For the reasons stated herein, Defendants' motion [Doc. No. 41] is **granted**.[2]

**I.  Background**[3]

From 1978 to the time of her dismissal in 2001, Beverly Myers ("Plaintiff") was employed as a teacher in the Hartford Public School System and obtained tenure. Compl. ¶¶ 10, 11. In September of 2001, Defendants notified Plaintiff that they were considering terminating her contract pursuant to Con. Gen. Stat. § 10-151(d) (2000) ("The Teacher

---

[1] Although Plaintiff's complaint alleges that Defendants' conduct violated the procedural safeguards guaranteed to her under § 10-151b(b) (*see* Pl. Compl. ¶¶ 12, 23, 38, 41, 44, 47, 50), the substance of Plaintiff's claim, including her use of *Sekor v. Bd. of Ed.*, 240 Conn. 119, 689 A.2d 1112 (1997), suggests that Plaintiff's cause of action arises under § 10-151(d). Further, Defendants' Motion to Dismiss Count Nine references § 10-151(d) and (e), making no reference to § 10-151b(b). Mem. in Supp. of Def.'s Motion to Dismiss at 4-5. Plaintiff apparently does not object to Defendant's characterization of her claim. Accordingly, Plaintiff's claim is construed as arising under § 10-151(d).

[2] Before Plaintiff filed her amended complaint, Defendants had filed various motions to dismiss. *See* Doc. No. 20, 22, 27. As Defendants' present motion, Doc. No. 41, responds to the amended complaint, Doc. No. 20, 22, and 27 are **denied** as moot.

[3] The following facts have been taken from the Complaint which, for the limited purposes of this motion, the court assumes to be true. *Merritt v. Shuttle, Inc.*, 245 F.3d 390 n.1 (2d Cir. 2001). The Court presumes familiarity with its previous rulings.

Tenure Act").[4] Compl. ¶ 12. Plaintiff then requested an evidentiary hearing before an impartial hearing panel.[5] Compl. ¶ 13.

Although seven days of hearings were conducted, (May 13, 14; June 10, 24, 26; July 15; and September 13, 2002) the panel was unable to arrive at any final findings of facts or recommendations. Compl. ¶¶ 15-17. Due to the unanticipated slowness of the case's progress, the panel notified both parties that additional hearings would be required. Compl. ¶ 17. On August 7, 2002, both parties were notified that the neutral panel member needed to be paid in advance of these additional hearings.[6] Compl. ¶ 17. Plaintiff, however, made no further payments. Compl. ¶¶ 17-18.

On September 13, 2002, the panel met on the record to explain that, because of Plaintiff's refusal to pay the neutral panel member in advance, it could no longer judge the case. *See* Affidavit of Nukilwa Taquilaya, Exh. A, Transcript of Continued Hearing on Appeal [Doc. No. 3]. The panel disbanded without issuing any findings of fact or recommendations. No further hearings were scheduled. Compl. ¶¶ 21, 24.

---

[4] Section 10-151(d) states in part: "Prior to terminating a contract, the superintendent shall give the teacher concerned a written notice that termination of such teacher's contract is under consideration and, upon written request filed by such teacher with the superintendent, within seven days after receipt of such notice, shall within the next succeeding seven days give such teacher a statement in writing of the reasons therefore."

[5] In accordance with § 10-151(d), the hearing panel consisted of three members: one selected by Plaintiff, one by Defendants, and a third ("neutral panel member") mutually chosen by the other two members. Compl. ¶ 12.

[6] The neutral panel member notified Plaintiff's counsel that payment prior to the hearings, "fundamentally went to the integrity of the process [because] if one side owes money and [the neutral member] rule[s] in favor of that side, the opposing party may perceive that the decision was impacted by irritation of not being paid. The way to avoid this problem is to have full payment from both parties ahead of time." Def. Mem. in Supp. Of Opp. to Pl Applic. for Prelim. Inj., Exh. C [Doc. No. 16].

On November 6, 2002, Defendants terminated Plaintiff's contract. Compl. ¶ 24. Plaintiff contends that she did not waive her right to an evidentiary hearing, and that she sought to continue the hearing process. Compl. ¶ 23. Moreover, Plaintiff claims that Defendants' decision to terminate her employment violated § 10-151(d) because the decision was made absent the findings of fact or recommendations of an impartial hearing panel. *Id.*

## II. Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001) (internal quotation marks omitted). A motion to dismiss must be decided on the facts as alleged in the complaint. *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001). All allegations are assumed to be true and are considered in a light most favorable to the non-movant. *Manning v. Util. Mut. Ins. Co.*, 254 F.3d 387, 390 n.1 (2d Cir. 2001). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale-New Haven Hosp.*, 727 F. Supp. 784, 786 (D. Conn. 1990). In its review of a 12(b)(6) motion to dismiss, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

## III. Discussion

Defendants move to dismiss Count Nine, arguing that there is no private right of action under § 10-151(b). Defendants also argue that Defendant Stacy and the City of Hartford should be dismissed from the Complaint.

### A. Plaintiff's Cause of Action under § 10-151

Defendants move to dismiss Count Nine, arguing that there is no private right of action under Conn. Gen. Stat. § 10-151.

Conn. Gen. Stat. § 10-151(e) provides that "[a]ny teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom, within thirty days of such decision, to the Superior Court." Courts construing similar statutory language have determined that such language requires that a party appeal to the state Superior Court within the prescribed time. *See Galligan v. Town of Manchester*, 3:01 CV 2092, 2003 U.S. Dist. LEXIS 8362, at *21 (D. Conn. May 19, 2003) (construing similar statutory language and dismissing the plaintiff's § 31-51m claim because the plaintiff had "failed to file [a] state-law claim within the time allotted for doing so"); *see also Tomlinson v. Board of Educ.*, 226 Conn. 704, 730 (1993) ("A tenured teacher's claim of wrongful discharge is governed by and limited to the statutory appeal process of § 10-151(f) [now § 10-151(e)]."); *LaCroix v. Bd. of Educ.*, 199 Conn. 70 (1986) (directing that generally a party must avail itself of the remedies under § 10-151 in order to pursue a claim). Plaintiff does not cite any legal authority to the contrary.

Accordingly, as there is no indication that Plaintiff brought an action in Superior Court within thirty days, and as Plaintiff does not argue that § 10-151 confers a private right of action to pursue a claim in this Court, Count Nine is **dismissed**.

B.     **Defendants' Motion to Dismiss Defendant Stacy**[7]

Defendant Stacy argues that because service was neither served personally on him nor left at his usual place of abode, service of process was insufficient and the claims against him should be dismissed [Doc. No. 40]. Plaintiff contends that service was sufficient [Doc. No. 29].

Plaintiff claims that on May 16, 2003, Defendant Stacy was served "by leaving a true and attested copy of the Complaint with and in the hands of Milly Ramos, Labor Relations specialist who accepted Service at Hartford Public Schools." Pl. Mem. in Supp. of Obj. to Def. Stacy's Mot. to Dismiss at 1. Therefore, Plaintiff argues that Defendant Stacy received actual notice of the suit, and that service should be deemed sufficient.

The Federal Rules of Civil Procedure hold that unless a party waives service of process under Fed. R. Civ. P. 4(d), service may be effected either:

> (1) "pursuant to the law of the state in which the district court is located"; or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

---

[7] Defendants initially sought to dismiss claims against Defendant Amato and Stacy for insufficiency of service of process. Defendant Amato has withdrawn his motion to dismiss on that basis. *See* Def. Resp. To Pl. Obj. to Mot. to Dismiss [Doc. No. 29].

Pursuant to Conn. Gen. Stat. § 52-57(a), "process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place of abode, in the state."

Citing *Plonski v. Halloran*, 36 Conn. Supp. 335, 336, 420 A.2d 117 (1980), Plaintiff argues that under Connecticut law, "the usual place of abode is generally recognized where the individual defendant is living at the time of service." Mem. in Supp. of Def. Stacy's Mot. to Dismiss at 2 [Doc. No. 27]. A person's place of employment is not sufficient for abode service absent any showing of residency. *Grayson v. Wofsey*, 40 Conn. Supp. 1 at *3, 478 A.2d 629 (1984), *citing East Lyme v. Huntington*, Conn. Supp. 288, 289, 169 A.2d 752 (1961).

Plaintiff does not respond to Defendant Stacy's arguments, instead asserting that Defendant Stacy had actual notice of the lawsuit. *See* Pl. Mem. in Obj. to Def. Stacy's Mot. to Dismiss at 2 [Doc. No. 28]. Actual knowledge is not, however, a dispositive factor in determining whether process has been sufficiently rendered. *Brown v. Pratt & Whitney Div., United Techs. Corp.*, No. 3:96 CV 0525 (GLG), 1997 U.S. Dist. LEXIS 14185, at *8 (D. Conn. Aug. 28, 1997). "A [d]efendant's mere knowledge of a lawsuit, by itself, is insufficient to confer personal jurisdiction over the defendant in the absence of valid service of process." *Id.* (*citing Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996)); *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996), *cert. denied*, 517 U.S. 1244, 116 S.Ct. 2499, 135 L.Ed.2d 191 ("[v]alid service of process comprises more than actual notice").

Accordingly, Defendant Stacy's Motion to Dismiss for insufficient service of process is **granted**.

C.     **Defendants' Motion to Dismiss the City of Hartford**

Defendants argue that the City of Hartford is not a proper party to this action, because: (1) it is a separate entity from the State Board of Trustees; and (2) there is no evidence that the City of Hartford participated in Plaintiff's termination. Mem. in Supp. of Def. Mot. to Dismiss at 2 [Doc. No. 23]. Plaintiff does not respond, and accordingly Defendants' motion is **granted** absent opposition.[8]

---

[8]  Assuming *arguendo* that Plaintiff had responded, her claim would fail on the merits. Recent events foreclose the possibility that the City is a proper party to this action. On April 18, 1997, in response to systemic problems in the public school system, the State of Connecticut dissolved the Hartford Board of Education and transferred all authority to the State Board of Trustees. 1997 Conn. Special Act 4 §§ 1, 2 (enacted Apr. 18, 1997). As such, "[t]he State Board of Trustees ... [became] solely responsible for the management of the Hartford school district." *Id.* § 2. As a result, the City effectively became a spectator in the administration of the public school system.

In the time period involved in the Complaint, the City has been stripped of any control over the administration of the school system and the State of Connecticut has taken over all aspects of its administration. The City has no indicia of control in the day-to-day affairs of the Hartford Public Schools. Absent any ability to influence events within the school system, either positively or negatively, the City cannot be held liable for the acts or omissions Plaintiff alleges.

## IV.     Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss Count Nine and to dismiss Defendants Stacy and the City of Hartford as defendants [Doc. No. 41] is **granted**, and Defendants' other motions to dismiss [Doc. No. 20, 22, and 27] are **denied** as moot.

SO ORDERED.

Dated at New Haven, Connecticut, November 19, 2003.

Peter C. Dorsey
Senior United States District Judge