FILED
Dec 8  3 26 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEVERLY MYERS | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV652 (PCD) |
| v. | : | |
| CITY OF HARTFORD, ET AL | : | |
| Defendants. | : | DECEMBER 5, 2003 |

## ANSWER TO AMENDED COMPLAINT

The remaining defendants, Edna Negron, D. Anwar Al-Ghani, Jim Boucher, Felix Karsky, the State Board of Trustees for the Hartford Public Schools, Anthony Amato and Ann Bird (the "Defendants") answer the complaint as follows:

Paragraph 1: Defendants admit that plaintiff asserts jurisdiction based on a federal question and asserts claims under 42 USC§§1983, 1985.

Paragraph 2: Defendants admit that all actions complained of occurred in Connecticut. Defendants deny that all parties are Connecticut residents.

Paragraph 3: Admit.

Paragraph 4: Deny.

Paragraph 5: Defendants deny that there is a defendant "State Board of Education" named in this action. Defendants deny all remaining allegations.

Paragraph 6: Defendants admit that Ann Bird served at all relevant times as an Assistant Corporation Counsel for the City of Hartford. All remaining allegations are denied.

Paragraph 7: Admit.

Paragraph 8: Admit that Robert Stacey was Executive Director for Human Resources for the Hartford Public Schools until approximately April 14, 2003. Defendants deny the remaining allegations contained herein.

Paragraph 9: Defendants admit that the City of Hartford is a municipality in Connecticut. All remaining allegations contained herein are denied.

Paragraph 10: Defendants admit that Plaintiff was employed in the Hartford Public Schools from on or about 1978 until her employment was terminated and that, for portions of that time, Plaintiff was employed as a full-time certified teacher. All remaining allegations are denied.

Paragraph 11: Admit.

Paragraph 12: Admit that Ms. Myers was advised of an intent to terminate her employment. Defendants deny the remaining allegations contained herein.

Paragraph 13: Admit.

Paragraph 14: Admit, except Defendants deny that Plaintiff performed all aspects of her arrangement with the Chairperson/neutral panel member.

Paragraph 15: Admit that hearings were held for the first six days listed. Deny that a hearing actually occurred on September 13, 2002.

Paragraph 16: Deny.

Paragraph 17: Admit that Mr. Irvings wrote and/or called counsel several times in order to secure payment prior to the commencement of the hearing on September 13, 2002, as had been done previously. Admit that plaintiff's conduct in not paying Mr. Irvings' fees in installments prior to the hearing date prevented continuation of the hearing. Defendants can neither admit nor deny what Ms. Myers had "every reason to believe" and leaves her to her proof thereof. Admit that Ms. Myers did not and would not pay Mr. Irvings' fees prior to continuation of the hearing as had been done before.

Paragraphs 18-20: Deny.

Paragraph 21: Admit that the panel adjourned the hearing without reaching any findings, resigned and that a transcript was attached to the complaint. Any remaining allegations are denied.

Paragraph 22: Defendants can neither admit nor deny that Ms. Myers "called upon" them for specific actions and leaves her to her proof.

Paragraphs 23-24: Deny.

Paragraph 25: Admit.

Paragraph 26-27: Deny.

Paragraph 28: Upon information and belief, Defendants admit the first sentence in this paragraph. Defendants can neither admit or deny Ms. Myers' beliefs and leave her to her proof.

Paragraph 29: Admit.

Paragraphs 30-37: Deny.

Paragraph 38: The Defendants admit that plaintiff was entitled to equal protection of the laws and entitled to the rights and bound by the obligations contained in state statutes for tenured teachers. Any remaining allegations are denied.

Paragraph 39-43: Deny.

Paragraph 44: Defendants admit that Plaintiff is entitled to certain Due Process rights under the 14th Amendment and to certain rights under state statutes. Any remaining allegations are denied.

Paragraph 45-49: Deny.

Paragraphs 50-54: No response is required since the Court has dismissed Count 9. Any allegations not expressly admitted are denied.

### Affirmative Defenses

**First Affirmative Defense (as to all Counts)**

Plaintiff has failed to state a claim upon which relief may be granted.

**Second Affirmative Defense (as to all Counts)**

Plaintiff has failed to properly and adequately mitigate her damages and her damages, if any, should be reduced accordingly.

**Third Affirmative Defense (as to all Counts)**

The State Board of Trustees for the Hartford Public Schools is entitled to the protections of sovereign immunity and all claims asserted against it in this litigation are barred.

**Fourth Affirmative Defense (as to all Counts)**

The State Board of Trustees for the Hartford Public Schools is entitled to Eleventh Amendment immunity and, accordingly, all claims asserted in this action may not be prosecuted in this court.

**Fifth Affirmative Defense (as to all Counts)**

Each of the individual defendants in this action is shielded from liability by the doctrine of qualified immunity.

**Sixth Affirmative Defense (as to all Counts)**

Plaintiff cannot demonstrate the irreparable harm required for injunctive relief.

DEFENDANTS,
STATE BOARD OF TRUSTEES, ET AL

By_____
Joseph W. McQuade, ct 12121
Diana Garfield, ct05551
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT 06106
Telephone (860) 493-0870
Facsimile (860) 493-0871
jmcquade@kemlaw.com
dgarfield@kemlaw.com
Their Attorneys

### CERTIFICATE OF SERVICE

This is to certify that on this 5th day of December, 2003, a copy of the foregoing Answer to Amended Complaint was mailed via regular mail, to

Christine E. Corriveau, Esq.
Francis A. Miniter, Esq.
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106

_____
Diana Garfield

10197

- 6 -