UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEVERLY MYERS | : | CIVIL ACTION NO: 3:03CV652 (PCD) |
| V. | : | |
| CITY OF HARTFORD, ET AL | : | July 30, 2004 |

## PLAINTIFF'S 56(a)(2) STATEMENT

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.
14. Admitted.
15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Denied. See Affidavit of Attorney Francis A. Miniter, Affidavit of Christine E. Corriveau.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted that Ann Bird may have <u>believed</u> that Plaintiff received all the process that was due.... Denied that Plaintiff received due process.

63. Admitted.

64. Admitted.

65. Denied. See Affidavit of Nukilwa Taquilaya ¶20.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Denied. See Affidavit of Nukilwa Taquilaya ¶20.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admittted.

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Denied. See Response to Interrogatory #10.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

**STATEMENT OF FACTS IN DISPUTE**

1. Hearings were held on May 13 and 14, June 10, 24 and 26, July 15 and September 13, all in the year 2002. (Affidavit of Beverly Myers ¶12) The hearings were going well for the Plaintiff. During such hearings, The State Board of Trustees presented evidence that was incomplete, inaccurate and in some cases shown to be perjured. (Affidavit of Beverly Myers ¶13) For Example, the following issues were addressed at the hearings: a) Tardiness issue was dropped because proven inaccurate because of statistics, known to John Laverty, who perjured himself over the tardiness issue and then recanted on the stand stating that he knew which teachers were regularly more tardy; b) Performance evaluation issues regarding incompetency were dropped because proven not only untrue but deliberately forced into a very short period of time directly following Plaintiff's return from medical leave; c) Witness Kathy Murphy said that the Plaintiff's students were in the hallway without supervision on May 2nd at 4th Period, and that it could only have been at that date and time, but Plaintiff proved that her class was being evaluated at that very time on that day by John Laverty with her students all present in her classroom; d) Rhonda Niles testified that she didn't speak to the Plaintiff all year but there was proof that she had spoken to the Plaintiff after Plaintiff sent her a gift after her mother had died; e) Laverty testified that Dorothy Carrigan had a problem working with Plaintiff but Carrigan testified that she had no problem working with the Plaintiff but that she wanted

to chair the social studies program and the Plaintiff intimidated her because she knew more about social studies; f) Laverty testified that he did not know about the petition that students circulated regarding the Plaintiff until the Thursday morning after Plaintiff returned from medical leave, but Miss Marisol, a paraprofessional, testified that she had spoken to Laverty about it at about 2:30 or 3:00 pm, on the Friday before Plaintiff returned to school and before Laverty left for Boston (Affidavit of Beverly Myers ¶13(a)-(f))

2. The State Board of Trustees met on November 6, 2002, and Item 31 of the Agenda was the termination of Ms. Myers for alleged waiver of right to hearing. See Affidavit of Nukilwa Taquilaya ¶14-20, Affidavit of Beverly Myers ¶21-24.

3. At no time did the Plaintiff waive her rights to a full pre-termination hearing. See Affidavit of Nukilwa Taquilaya ¶14-20, Affidavit of Beverly Myers ¶21-24.

4. Counsel for Ms. Myers and Mr. Nukilwa Taquilaya, the panel member appointed by Ms. Myers, addressed the Board to inform them that the representation of a waiver made to them was false and deceptive. See Affidavit of Nukilwa Taquilaya ¶14-20.

5. No presentation of evidence was permitted. See Affidavit of Nukilwa Taquilaya ¶14-20.

6. The Board voted to pass over Item 31. See Affidavit of Nukilwa Taquilaya ¶14-20.

7. The hearing adjourned without further action of the Board on Item 31 of its Agenda. See Affidavit of Nukilwa Taquilaya ¶14-20, Affidavit of Beverly Myers ¶21-24.

8. On or about November 11, 2002, the Plaintiff received a letter informing her that the Board had terminated her. Upon further inquiry, the Plaintiff gained information that following the adjournment of the Public Hearing of November 6, 2002, the Board illegally met in secret and voted to terminate her without a public record or debate before the public. See Affidavit of Beverly Myers

¶26

9. No other teachers who were terminated before receiving a full hearing prior to their termination. See Affidavit of Beverly Myers ¶27.

10. Mr. Irvings did not speak to an Attorney of record on the day before the September 13, 2002 hearing date. See Affidavit of Francis A. Miniter ¶2 and Affidavit of Christine E. Corriveau ¶ 2

                                                THE PLAINTIFF

By _____
Francis A. Miniter
Christine E. Corriveau
Miniter & Associates
100 Wells Street Unit 1-D
Hartford, CT 06105
860-560-2590 ct21212

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this 30th day of July, 2004:

Joseph McQuade, Esq.
Diana Garfield, Esq.
Kainen Escalera & McHale, PC
21 Oak Street
Hartford, CT 06106

_____
Christine E. Corriveau